| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael F. Chekian, SBN 165026<br>Chekian Law Office, Inc.<br>633 West Fifth Street, Ste.. 2600<br>Los Angeles, CA  90071<br>Voice (310) 390-5529<br>Facsimile (310) 451-0739<br>email mike@cheklaw.com | |

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* Movants

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Ray Charles Leonard, Jr. | CASE NO.: 6:24-bk-12733-RB |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF MOTION FOR ORDER WITHOUT A HEARING**<br><br>**[LBR 9013-1(p) or (q)]** |
| Debtor(s). | [No hearing required] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) <u>Lil' Wave Financial, Inc. dba Superior Loan Servicing; Cast Iron Funding LLC; Lighthouse II, et al.</u>, filed a motion or application (Motion) entitled <u>Motion To Reopen Bankruptcy Case To Hear Removed Civil Action In United States Bankruptcy Court; Declaration of Michael Chekian, Esq.</u>.

2. Movant(s) requests that the court grant the motion without a hearing as provided for in:

    ☐ LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on additional parties as specified in LBR _____; or

    ☒ LBR 9013-1(q), which requires service of the motion only on parties via Notice of Electronic Filing.

3. The motion is based upon the legal and factual grounds set forth in the motion.  (*Check appropriate box below*):

    ☒ The full motion is attached to this notice; or

    ☐ The full motion was filed with the court as docket entry # ___, and a detailed description of the relief sought is attached to this notice.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*      Page 1      **F 9013-1.2.NO.HEARING.NOTICE**

4. Movant will promptly lodge an order that the court may use to rule on the motion, as the court may rule on the motion without a hearing and without an opportunity for any party to file a request for a hearing,.

Respectfully submitted,

Date: 11/04/2024

/s/ Michael Chekian
Signature of Movant or attorney for Movant

Michael Chekian
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 2    **F 9013-1.2.NO.HEARING.NOTICE**

Michael F. Chekian (CA Bar No.165026)
Chekian Law Office, Inc.
633 West Fifth Street, Ste. 2600
Los Angeles, CA 90071
(310) 390-5529-Voice
(310) 451-0739-Facsimile
mike@cheklaw.com-email

Attorneys for Secured Creditors and Defendants

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br>Ray Charles Leonard, Jr.,<br>　　　　Debtor<br>_____<br>Ray Charles Leonard, Jr.,<br>　　　　Plaintiff<br>v.<br>Lil' Wave Financial, Inc. dba Superior Loan Servicing; Cast Iron Funding LLC; Lighthouse II; Wendy Oliver Trustee of Wendy A. Walder Family Trust; Bruce Hammett and Judith Hammett; Paul S. Titcombe and Does 1-10, Inclusive,<br>　　　　Defendants | **Chapter 13**<br>**Case No.:  6:24-bk-12733-RB**<br>**MOTION TO REOPEN BANKRUPTCY CASE TO HEAR REMOVED CIVIL ACTION IN THE UNITED STATES BANKRUPTCY COURT; DECLARATION OF MICHAEL CHEKIAN, ESQ.**<br>**(No Hearing Required Per LBR 9013-1(q)(11))**<br>**(Filed Concurrently With Notice of Removal)**<br>**No Hearing Required**<br>**Date:**<br>**Time:**<br>**Place:** |

**TO: HONORABLE JUDGE REYES BORDEAUX, DEBTOR/PLAINTIFF RAY CHARLES LEONARD, JR., CHAPTER 13 TRUSTEE, U.S. TRUSTEE AND INTERESTED PARTIES:**

　　**PLEASE TAKE NOTICE THAT** secured creditors in the Chapter 13 bankruptcy of debtor plaintiff herein Ray Charles Leonard, Jr. ("Plaintiff" or "Debtor"), Lil' Wave Financial, Inc. dba Superior Loan Servicing ("SLS"); Cast Iron Funding LLC; Lighthouse II; Wendy Oliver Trustee of Wendy A. Walder Family Trust; Bruce Hammett and Judith Hammett; Paul S.

1

**MOTION TO REOPEN**

Titcombe (sometimes collectively "Defendants" or "Movants") move to reopen Debtor's bankruptcy case ("Bankruptcy") in order for the Bankruptcy Court to hear the concurrently filed removal of the civil action captioned *Plaintiff v. Defendants* ("Civil Action") filed by Plaintiff in Riverside Superior Court ("Notice of Removal").

## I.   STATEMENT OF FACTS

Debtor filed this Chapter 13 Bankruptcy on May 17, 2024, the Bankruptcy was dismissed on August 2, 2024 and the Bankruptcy was closed on September 13, 2024.

The Debtor/Plaintiff filed the Civil Action in California Superior Court, Riverside Division on September 19, 2024 as case number CVME2402975. The Civil Action is based on alleged violations of California state law regarding the pre-bankruptcy foreclosure actions of Defendants including SLS, which is the loan servicer on Debtor's real estate located at 35646 Athena Court, Winchester, California 92596 ("Subject Property"). The Subject Property is valued at $920,000 and is the second largest asset listed by Debtor on his bankruptcy schedules filed on May 17, 2024 at docket 1.

Defendants seek the allegations in the Plaintiff's Civil Action to be heard by the Bankruptcy Court, which is better suited than the State Court to determine the intricacies of Defendants' loan with the Debtor/Plaintiff. Defendants filed proof of claim 9 in the Bankruptcy on July 26, 2024 and Defendants filed an objection to Debtor/Plaintiff's plan on July 17, 2024 at docket 21.

The basis of the Notice of Removal is that:

1. The Bankruptcy dismissal was entered on August 2, 2024 as docket 25, including an order that the Bankruptcy Court reserved jurisdiction to hear all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349 and 362.

**MOTION TO REOPEN**

2. The time to file the Notice of Removal to the Bankruptcy Court has not elapsed pursuant to FRBP 9027(a)(3).

3. The causes of action asserted in the Civil Action constitute a core proceeding because it concerns the administration of Debtor's bankruptcy estate ("Estate"), the allowance and disallowance of claims against the Estate, orders to turn over property of the Estate, basis for objections to discharge, determinations of the validity, extent, or priority of liens, is to determine, avoid, or recover fraudulent conveyances, and affects the liquidation of the assets of the estate pursuant to 28 USC §§ 157(a),(b),(e), (h), (i) and (o). It also is a case that arises under/in or related to a case under title 11 of the United States Code and affects the property of the Debtor and the Estate pursuant to 28 USC § 1334.

4. The Civil Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; it is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. The Civil Action is of a civil nature over which the Bankruptcy Court has jurisdiction in that it is related to the Debtor's Chapter 13 case which is now pending. The Bankruptcy Court presiding over the Debtor's chapter 13 case pursuant to the general reference with respect to title 11 cases in effect in the Central District of California per 28 USC § 157(a), the Court has jurisdiction of each and every cause of action asserted in the Civil Action under 28 USC § 1334.

5. Defendants are concurrently filing a notice of removal in the Civil Action.

6. Defendants consent to entry of final orders or judgment by the Bankruptcy Court.

3

**MOTION TO REOPEN**

## II. POINTS AND AUTHORITIES

### A.  DEBTOR'S CHAPTER 13 CASE MAY BE REOPENED

§350(b) of the U.S. Bankruptcy Code provides that a case may be reopened ". . . administer assets, to accord relief to the debtor, or for other cause."

Reopening is within the sound discretion of the bankruptcy court based upon the facts of each case. *In re Shondel*, 950 F.2d 1301 (7th Cir. Ill. 1991).  Generally, motions to reopen should be liberally granted. *In re Dodge*, 138 B.R. 602 (E.D. Cal. 1992).  A bankruptcy court will reopen a case unless equitable considerations dictate otherwise. *In re Hall*, 22 B.R. 701 (E.D. Pa. 1982). A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Bankruptcy Code and pursuant to FRBP 5010.

Here, Defendants seek the allegations in the Civil Action to be heard by the Bankruptcy Court, which is better suited than the State Court to determine the intricacies of Defendants' loan with Plaintiff.  Defendants filed proof of claim 9 in the Bankruptcy on July 26, 2024 and Defendants filed an objection to Plaintiff/Debtor's plan on July 17, 2024 at docket 21.

### B.  ADDITIONAL RELIEF AVAILABLE UNDER 11 USC § 105(a)

The Court is empowered by the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 USC § 105(a).  Moreover, the Court may "sua sponte, tak(e) any action or mak(e) any determination necessary, or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id*.

Therefore, pursuant to its § 105 powers, the Court can and should reopen the bankruptcy case so the Court may hear the removed Civil Case.

///
///
///
///

4

**MOTION TO REOPEN**

### III.　CONCULSION

Therefore, it is respectfully requested that the Motion be granted and that the Bankruptcy be reopened to hear the Notice of Removal of the Civil Case as an adversary proceeding.

DATED: November 4, 2024　　　　　　　　　CHEKIAN LAW OFFICE

　　　　　　　　　　　　　　　　　　By:　/s/ Michael F. Chekian

5

**MOTION TO REOPEN**

## DECLARATION OF MICHAEL CHEKIAN

I, Michael Chekian, am an attorney duly licensed to practice law in the Central District of California. I do hereby declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge and belief, and if called upon as a witness, I could and would personally testify under oath in a court of law to the truthfulness of each of the below facts.

1. I am the attorney for Defendants in Debtor's bankruptcy case.

2. This declaration is in support of the motion to reopen Debtor's bankruptcy case.

3. Debtor filed this Chapter 13 Bankruptcy on May 17, 2024, the Bankruptcy was dismissed on August 2, 2024 and the Bankruptcy was closed on September 13, 2024.

4. The Debtor/Plaintiff filed the Civil Action in California Superior Court, Riverside Division on September 19, 2024 as case number CVME2402975. The Civil Action is based on alleged violations of California state law regarding the pre-bankruptcy foreclosure actions of Defendants including SLS, which is the loan servicer on Debtor's real estate located at 35646 Athena Court, Winchester, California 92596 ("Subject Property"). The Subject Property is valued at $920,000 and is the second largest asset listed by Debtor on his bankruptcy schedules filed on May 17, 2024 at docket 1.

5. Defendants seek the allegations in the Plaintiff's Civil Action to be heard by the Bankruptcy Court, which is better suited than the State Court to determine the intricacies of Defendants' loan with the Debtor/Plaintiff. Defendants filed proof of claim 9 in the Bankruptcy on July 26, 2024 and Defendants filed an objection to Debtor/Plaintiff's plan on July 17, 2024 at docket 21.

6. The basis of the Notice of Removal is that:

a. The Bankruptcy dismissal was entered on August 2, 2024 as docket 25, including an order that the Bankruptcy Court reserved jurisdiction to hear all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349 and 362.

7

**MOTION TO REOPEN**

    b.   The time to file the Notice of Removal to the Bankruptcy Court has not elapsed pursuant to FRBP 9027(a)(3).

    c.   The causes of action asserted in the Civil Action constitute a core proceeding because it concerns the administration of Debtor's bankruptcy estate ("Estate"), the allowance and disallowance of claims against the Estate, orders to turn over property of the Estate, basis for objections to discharge, determinations of the validity, extent, or priority of liens, is to determine, avoid, or recover fraudulent conveyances, and affects the liquidation of the assets of the estate pursuant to 28 USC §§ 157(a),(b),(e), (h), (i) and (o). It also is a case that arises under/in or related to a case under title 11 of the United States Code and affects the property of the Debtor and the Estate pursuant to 28 USC § 1334.

    d.   The Civil Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; it is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. The Civil Action is of a civil nature over which the Bankruptcy Court has jurisdiction in that it is related to the Debtor's Chapter 13 case which is now pending. The Bankruptcy Court presiding over the Debtor's chapter 13 case pursuant to the general reference with respect to title 11 cases in effect in the Central District of California per 28 USC § 157(a), the Court has jurisdiction of each and every cause of action asserted in the Civil Action under 28 USC § 1334.

    e.   Defendants are concurrently filing a notice of removal in the Civil Action.

**MOTION TO REOPEN**

f. Defendants consent final orders or judgment by the Bankruptcy Court.

I do hereby declare under the penalty of perjury and pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 4th day of November, 2024, at Los Angeles, California.

                              CHEKIAN LAW OFFICE

                        By: /s/ Michael F. Chekian
                              MICHAEL F. CHEKIAN
                              Attorneys for Defendants

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
633 West Fifth Street, 26th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):   Notice of Removal of Civil Action To the United States Bankruptcy Court; Declaration of Michael Chekian, Esq. In Support of Notice of Removal of Civil Action To the United States Bankruptcy Court; Notice of Motion For Order Without A Hearing and Motion To Reopen Bankruptcy Case To Hear Removed Civil Court Proceeding will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 4, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Capital One Auto Finance, Amitkumar Sharma:  amit.sharma@aisinfo.com
Attorney for Debtor Michael Smith: mike@slclawoffice.com
Chapter 13 Trustee Rod Danielson: notice-efile@rodan13.com
U.S. Trustee: ustpregion16.rs.ecf@usdoj.gov
Cast Iron Funding LLC, et al, Richard Niemi:  niemoid1955@yahoo.com
Cast Iron Funding LLC, et al, Michael Chekian, Esq.: mike@cheklaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __11/4/2024_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Magdalena Reyes Bordeaux
U.S. Bankruptcy Court
3420 Twelfth Street
3rd Floor Courtesy Dropbox
Riverside, CA  92501-3819

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __/201_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/4/2024 | Michael Chekian | /s/ Michael Chekian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                              F 9013-3.1.PROOF.SERVICE