1  | Michael F. Chekian (CA Bar No.165026)
2  | Chekian Law Office, Inc.
   | 633 West Fifth Street, Ste. 2600
3  | Los Angeles, CA 90071
   | (310) 390-5529-Voice
4  | (310) 451-0739-Facsimile
   | mike@cheklaw.com-email
5  |
6  | Attorneys for Secured Creditors and Defendants
7  |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br>Ray Charles Leonard, Jr.,<br>       Debtor<br>-------------------------------------------------<br>Ray Charles Leonard, Jr.,<br>       Plaintiff<br>v.<br>Lil' Wave Financial, Inc. dba Superior Loan Servicing; Cast Iron Funding LLC; Lighthouse II; Wendy Oliver Trustee of Wendy A. Walder Family Trust; Bruce Hammett and Judith Hammett; Paul S. Titcombe and Does 1-10, Inclusive,<br>       Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Chapter 13**<br>**Case No.:  6:24-bk-12733-RB**<br><br>**DECLARATION OF MICHAEL CHEKIAN, ESQ. IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES BANKRUPTCY COURT (28 USC §§ 1334, 1452; FRBP 9027)**<br><br>**(Filed Concurrently With Motion To Reopen Case)**<br>**No Hearing Required**<br>**Date:**<br>**Time:**<br>**Place:**<br><br>**(Superior Court of the State of California, County of Riverside Case No.: CVME2402975)** |

**TO: HONORABLE JUDGE REYES BORDEAUX, DEBTOR/PLAINTIFF RAY CHARLES LEONARD, JR., CHAPTER 13 TRUSTEE, U.S. TRUSTEE AND INTERESTED PARTIES:**

    Secured creditors and defendants in the Chapter 13 bankruptcy of debtor plaintiff herein Ray Charles Leonard, Jr. ("Plaintiff" or "Debtor"), who are  Lil' Wave Financial, Inc. dba Superior Loan Servicing ("SLS"); Cast Iron Funding LLC; Lighthouse II; Wendy Oliver Trustee of Wendy A. Walder Family Trust; Bruce Hammett and Judith Hammett; Paul S. Titcombe

1

**DECLARATION IN SUPPORT OF NOTICE OF REMOVAL**

(sometimes collectively "Defendants") hereby submit the within declaration of Michael Chekian, Esq. in support of their concurrently filed notice of removal of the civil action titled *Plaintiff v. Defendants.* ("Civil Action") filed by Plaintiff in accordance with 28 U.S.C. §§ 1334, 1452(a) and FRBP 9027(a) as below set forth.

November 4, 2024                                           Chekian Law Office, Inc.


                                                          __/s/ Michael Chekian_____
                                                          Michael Chekian
                                                          Attorney for Defendants

**DECLARATION IN SUPPORT OF NOTICE OF REMOVAL**

CHEKIAN LAW OFFICE
633 WEST FIFTH STREET, STE. 2600
Los Angeles, CA 90071

### DECLARATION OF MICHAEL CHEKIAN

I, Michael Chekian, am an attorney duly licensed to practice law in the Central District of California.  I do hereby declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge and belief, and if called upon as a witness, I could and would personally testify under oath in a court of law to the truthfulness of each of the below facts.

1. I am the attorney for Defendants in Debtor's bankruptcy case.

2. This declaration is in support of the concurrently filed Notice of Removal.

3. Attached hereto as exhibits to the Notice of Removal are true and correct copies of the following labelled documents in the Riverside Superior Court Case number CVME2402975 ("Civil Case") downloaded from the Civil Case website or sent to me by Defendants, which documents they received from Plaintiff's attorney in the Civil Case:

Exhibit 1:  Plaintiff's Civil Case summons, verification of Civil Case complaint, Civil Case complaint.

Exhibit 2:  Plaintiff's Civil Case docket with summary of other documents filed and hearings.

I do hereby declare under the penalty of perjury and pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 4th day of November, 2024, at Los Angeles, California.

CHEKIAN LAW OFFICE

By: /s/ Michael F. Chekian
 MICHAEL F. CHEKIAN
 Attorneys for Defendants

3

**DECLARATION IN SUPPORT OF NOTICE OF REMOVAL**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LIL' WAVE FINANCIAL, INC. DBA SUPERIOR LOAN
SERVICING; (Additional Defendants See Summons Additional Parties)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAY LEONARD JR.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside County Superior Court<br>30755 Auld Rd.<br>Murrieta, CA 92563 | Menifee Justice Center<br>27401 Menifee Center Drive<br>Menifee, CA 92584 | CASE NUMBER:<br>*(Número del Caso):*<br>CVME2402975 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tony Cara, CDLG, PC, 2973 Harbor Boulevard, Suite 594 Costa Mesa, CA 92626 (888) 615-6765

| DATE:<br>*(Fecha)* 09/19/2024 | Clerk, by<br>*(Secretario)* _Jennifer Smith_ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

CAST IRON FUNDING LLC AS TO AN UNDIVIDED 125,000/530,000 INTEREST AND THE LIGHTHOUSE AND WENDY OLIVER, TRUSTEE OF THE WENDY A WALDER FAMILY TRUST DATED JULY 26TH, 2010 AS TO AN UNDIVIDED 120,000/530,000 INTEREST AND BRUCE HAMMETT AND JUDITH HAMMETT, JOINT TENANTS AS TO AN UNDIVIDED 100,000/530,000 INTEREST AND PAU STEVEN TITCOMBE, A MARRIED MAN AS TO AN UNDIVIDED 65,000/530,000 INTEREST AS TENAN IN COMMON

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Trustee
4. ☐ by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS**<br>**1** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>**EXHIBIT 1** |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LEONARD v. LIL' WAVE FINANCIAL, INC. | CVME2402975 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CAST IRON FUNDING LLC AS TO AN UNDIVIDED 125,000/530,000 INTEREST AND THE LIGHTHOUSE II AS TO AN UNDIVIDED 120,000/530,000 INTEREST AND WENDY OLIVER, TRUSTEE OF THE WENDY A WALDER FAMILY TRUST DATED JULY 26TH, 2010 AS TO AN UNDIVIDED 120,000/530,000 INTEREST AND BRUCE HAMMETT AND JUDITH HAMMETT, JOINT TENANTS AS TO AN UNDIVIDED 100,000/530,000 INTEREST AND PAUL STEVEN TITCOMBE, A MARRIED MAN AS TO AN UNDIVIDED 65,000/530,000 INTEREST AS TENANTS IN COMMON; and DOES 1-10, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**2**

**EXHIBIT 1**

Docusign Envelope ID: 16682F3E-E7B1-491E-981A-A19FDAAE4334

Electronically FILED by Superior Court of California, County of Riverside on 09/19/2024 06:40 AM
Case Number CVME2402975 0000105631042 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Smith, Clerk

1  CDLG, PC
2  Tony Cara, Esq., SBN 170720
   2973 Harbor Boulevard, Suite 594
3  Costa Mesa, CA 92626-3912
   Phone: (888) 615-6765
4  Fax: (888) 660-8874
5  Litigation.CDLG@gmail.com
   Attorney for Plaintiff, Ray Leonard Jr.

6

7

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **COUNTY OF RIVERSIDE, MURIETTA COURT**
                                      MENIFEE

11

12

13  RAY LEONARD JR.,                              CVME2402975

14
                Plaintiff,                        **VERIFICATION OF PLAINTIFFS**
15                                                **COMPLAINT**

16  v.

17  LIL' WAVE FINANCIAL, INC. DBA
    SUPERIOR LOAN SERVICING; CAST
18  IRON FUNDING LLC AS TO AN
    UNDIVIDED 125,000/530,000 INTEREST
19  AND THE LIGHTHOUSE II AS TO AN
    UNDIVIDED 120,000/530,000 INTEREST
20  AND WENDY OLIVER, TRUSTEE OF
    THE WENDY A WALDER FAMILY
21  TRUST DATED JULY 26TH, 2010 AS TO
    AN UNDIVIDED 120,000/530,000
22  INTEREST AND BRUCE HAMMETT
    AND JUDITH HAMMETT, JOINT
23  TENANTS AS TO AN UNDIVIDED
    100,000/530,000 INTEREST AND PAUL
24  STEVEN TITCOMBE, A MARRIED MAN
    AS TO AN UNDIVIDED 65,000/530,000
25  INTEREST AS TENANTS IN COMMON;
26  and DOES 1-10, inclusive,
27
28           Defendants.

                                    1

                              VERIFICATION

                        **3**                    **EXHIBIT 1**

Docusign Envelope ID: 16682F3E-E7B1-491E-981A-A19FDAAE4334

I, Ray Leonard Jr., declare and say:

1.      I am the Plaintiff in the above-referenced matter.

2.      I am the owner of and have resided at the real property located at 35646 Athena Court,
Winchester, CA. 92596. This is my personal and principal residence.

3.      I have reviewed the complaint drafted in my name, and I am aware of the statements made
therein. I assert personal knowledge as to the facts contained within this complaint and assert that they
are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is
true and correct.

This declaration was executed on_____9/19/2024_____, 2024, in Winchester, California.

Ray Leonard Jr., Declarant

2

VERIFICATION

**4**                                                             **EXHIBIT 1**

Case 6:24-bk-12733-RB    Doc 32-1    Filed 11/04/24    Entered 11/04/24 23:55:00    Desc
Electronically FILED by Affidavit of the Court of the County of Riverside on 08/19/2024 06:40 AM
Case Number CVME2402975 0000105631038 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Smith, Clerk

CDLG, PC
Tony Cara, Esq., SBN 170720
2973 Harbor Boulevard, Suite 594
Costa Mesa, CA 92626-3912
Phone: (888) 615-6765
Fax: (888) 660-8874
Litigation.CDLG@gmail.com
Attorney for Plaintiff, Ray Leonard Jr.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## MENIFEE
## COUNTY OF RIVERSIDE, ~~MURIETTA~~ COURT

| | |
|---|---|
| | CVME2402975 |
| RAY LEONARD JR., | **PLAINTIFF'S VERIFIED COMPLAINT FOR:** |
| Plaintiff, | **1. VIOLATION OF CIV. CODE § 2923.5;** |
| v. | **2. VIOLATION OF CIV. CODE § 2924.9;**<br>**3. VIOLATION OF FIN.CODE §4978(a);** |
| LIL' WAVE FINANCIAL, INC. DBA SUPERIOR LOAN SERVICING; CAST IRON FUNDING LLC AS TO AN UNDIVIDED 125,000/530,000 INTEREST AND THE LIGHTHOUSE II AS TO AN UNDIVIDED 120,000/530,000 INTEREST AND WENDY OLIVER, TRUSTEE OF THE WENDY A WALDER FAMILY TRUST DATED JULY 26TH, 2010 AS TO AN UNDIVIDED 120,000/530,000 INTEREST AND BRUCE HAMMETT AND JUDITH HAMMETT, JOINT TENANTS AS TO AN UNDIVIDED 100,000/530,000 INTEREST AND PAUL STEVEN TITCOMBE, A MARRIED MAN AS TO AN UNDIVIDED 65,000/530,000 INTEREST AS TENANTS IN COMMON; and DOES 1-10, inclusive, | **4. UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ.;**<br>**5. CANCELLATION OF WRITTEN INSTRUMENTS, CIV.CODE § 3412;**<br><br>**(Amount in controversy less than $75,000)** |
| Defendant(s). | |

**COMES NOW** plaintiff Ray Leonard Jr., ("PLAINTIFF"), by and through his counsel, allege as follows:

### PARTIES

1.      PLAINTIFF is, and at all relevant times mentioned herein was a resident of Riverside County, California, and are the rightful and lawful owners of real property commonly known as 35646 Athena Court, Winchester, CA. 92596, ("Subject Property"), and is his personal and principal residence.

2.      Defendant Lil' Wave Financial, Inc. dba Superior Loan Servicing, ("SLS DEFENDANT") is a corporation with its principal place of business in Woodland Hills, California. SLS DEFENDANT conducts, and at all times mentioned herein conducted, business in Riverside County, California. Its agent for service of process is Scott Hacker. SLS DEFENDANT is the purported current loan servicer of the mortgage loan that is the subject of the allegations complained of herein.

3.      Defendants Cast Iron Funding LLC as to an Undivided 125,000/530,000 Interest and the Lighthouse II as to an undivided 120,000/530,000 Interest and Wendy Oliver, Trustee of the Wendy A Walder Family Trust Dated July 26th, 2010 as to an Undivided 120,000/530,000 Interest and Bruce Hammett and Judith Hammett, Joint Tenants as to an Undivided 100,000/530,000 Interest and Paul Steven Titcombe, a Married Man as to an Undivided 65,000/530,000 Interest as Tenants in Common, ("CF DEFENDANTS") are individuals domiciled in Riverside County. CF DEFENDANTS conduct, and at all times mentioned herein conducted, business in Riverside County, California. CF DEFENDANTS are the purported current beneficiaries of the mortgage loan that is the subject of the allegations complained of herein.

4.      PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues them by fictitious names. PLAINTIFF will amend this complaint to allege DOES' true names and capacities when they are ascertained.

5.      PLAINTIFF alleges that DOES 1-10 claim some right, title, estate, lien or interest in the Subject Property that is adverse to PLAINTIFF's own title. Each of these claims constitutes a cloud on PLAINTIFF's title to the Subject Property from which they seek relief.

6.      PLAINTIFF alleges that DOES 1-10 are contractually, strictly, negligently, intentionally

**6**                                                                **EXHIBIT 1**          21

or vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this complaint, and that DOES 1-10 are indebted to PLAINTIFF as hereinafter alleged.

## JURISDICTION AND VENUE

7.    Jurisdiction of this Court arises under *Cal. Const. Art. VI §10* and *Code Civ.Proc. §410.10 et seq.* because DEFENDANTS engaged in business in the State of California and the acts of wrongdoing alleged in this complaint occurred in California. DEFENDANTS have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over DEFENDANTS herein "does not offend the traditional notions of fair play and substantial justice." DEFENDANTS herein purposefully directed its/their activities to the State of California and consummated a transaction with a resident of the State of California, such as PLAINTIFF herein. As a result, caused an event or events to occur in California, and more particularly in Riverside County, California, out of which this action arises and which forms the basis of this action.

8.    Venue is proper in this Court pursuant to Code Civ.Proc. § 392(a) because DEFENDANTS' liability to PLAINTIFF arose within the jurisdictional region of this Court. This Court has jurisdiction over the parties. PLAINTIFF is a resident of Winchester, California. All DEFENDANTS regularly engage in business within Riverside County, California, and the real property is located in Riverside County, California.

9.    PLAINTIFF is suing for damages that are related to violation various California statutes and the Homeowner Bill of Rights Act wherein the amount of controversy is approximately $75,000.00 and/or according to proof.

## GENERAL AND FACTUAL ALLEGATIONS

10.    PLAINTIFF alleges that on or about August 16, 2022, he obtained a mortgage loan on the Subject Property from CF DEFENDANTS in the amount of $530,000, memorialized by a Deed of Trust. The maturity due date is undisclosed. The Trustee is SLS DEFENDANT. This Deed of Trust was recorded in the Riverside County, California Recorder's Office as Instrument No. 2022-0359565. **(Exhibit "A", Deed of Trust)**

11.    PLAINTIFF alleges that on May 17, 2023, a Notice of Default and Election to Sell

**EXHIBIT 1**

1   Under a Deed of Trust was recorded in the Riverside County, California Recorder's Office as

2   Instrument No. 2023-0161338. **(See Exhibit "B", Notice of Default and Election to Sell Under a**

3   **Deed of Trust)**

4       12.     PLAINTIFF alleges that on August 29, 2023, a Notice of Trustee's Sale was recorded in

5   the Riverside County, California Recorder's Office as Instrument No. 2023-0255645. **(See Exhibit**

6   **"C", Notice of Trustee's Sale).** The sale date on the notice of sale was set for **September 20, 2023** at

7   9:00am. The Subject Property sold on August 27, 2024.

8       13.     PLAINTIFF alleges that on August 24, 2024, he submitted a Complete Request for

9   Mortgage Assistance, ("RMA") to SLS DEFENDANT through his agent Non-Profit Alliance of

10  Consumer Advocates ("NON-PROFIT") and requested a single point of contact ("SPOC"). **(Exhibit**

11  **"D", Loan Modification Application)**

12      14.     This is a hard money loan that was done based on the emergency of our economy being

13  so weak. The Notice of Default was recorded May 17, 2023.

14      15.     This loan was classified as a Commercial Loan for a Single-Family Residence that

15  PLAINTIFF lives in. It is a first lien mortgage, monies used was to pay off the previous loan. Again,

16  this would fall under the 2924.17.

17      16.     The Notice of Default does not include if PLAINTIFF applied for or was denied for the

18  Mortgage Assistance program that gave grants up to $80,000. The loan was paid off.

19      17.     SLS DEFENDANT and CF DEFENDANTS knew that PLAINTIFF could not afford the

20  payments, and thereby withheld some of the loan proceeds to make the payments for a period of time.

21  Please see the Reserves held at that time of $9,275.00.

22      18.     On August 28, 2024, NON-PROFIT mailed out the QWR and Debt Validation to SN

23  Servicing and is now an REO. Even though the home sold on August 27, 2024 with a 5 days letter and

24  alternative to foreclosure.

25  ///

26  ///

27  ///

28  ///

**EXHIBIT 1**

23

## CAUSES OF ACTION/REMEDIES

## FIRST CAUSE OF ACTION

## VIOLATION OF CIV.CODE §2923.5; FAILING TO NOTIFY THE HOMEOWNER ABOUT POSSIBLE FORECLOSURE AND TO WAIT 30 DAYS AFTER NOTICE TO RECORD A NOTICE OF DEFAULT

### (AGAINST SLS DEFENDANT and CF DEFENDANTS)

19.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

20.     Pursuant to Civ.Code §2923.5(a)(2), a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default pursuant to Section 2924 until all of the following: Contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure, including advising the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose.

21.     On May 17, 2023,  SLS DEFENDANT and CF DEFENDANTS recorded a Notice of Default on the Subject Property. PLAINTIFF was staying in his home when the Notice of Default was issued, and received no mail or messages. **(Exhibit "B")**

22.     SLS DEFENDANT and CF DEFENDANTS failed to satisfy the requirements of Civ.Code §2923.5(a)(2) before recording a Notice of Default, and violated this statute.

23.     PLAINTIFF requests an injunction and damages.

### SECOND CAUSE OF ACTION

### VIOLATION OF CIV.CODE §2924.9, FAILURE TO PROVIDE HOMEOWNER WITH FORECLOSURE ALTERNATIVES

### (AGAINST SLS DEFENDANT and CF DEFENDANTS)

LEONARD  v. LIL' WAVE FINANCIAL, INC. DBA SUPERIOR LOAN SERVICING, et al.- PLAINTIFF'S VERIFIED COMPLAINT

**EXHIBIT 1**

24

24.     PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

25.     On May 17, 2023,  SLS DEFENDANT and CF DEFENDANTS recorded a Notice of Default on the Subject Property. PLAINTIFF was staying in his home when the Notice of Default was issued, and received no mail or messages. **(Exhibit "B")**

26.     SLS DEFENDANT and CF DEFENDANTS failed to notify PLAINTIFF of all foreclosure prevention alternatives within 5 business days after Notice of Default recorded, as required by Civ.Code §2924.9.

27.     PLAINTIFF was living in the Subject Property when the Notice of Default was recorded. PLAINTIFF did not receive any phone calls or phone messages, and did not receive any pieces of mail that referred to discussions about alternatives to foreclosure before it was commenced. If PLAINTIFF did receive such contact and communication, they would have taken action to avoid the foreclosure of the Subject Property with other lending sources.

28.     PLAINTIFF is entitled to an injunction prior to foreclosure, or civil and statutory penalties post-foreclosure against SLS DEFENDANT and CF DEFENDANTS in an amount to be proven at trial.

## VIOLATION OF FIN.CODE §4978(a)

### (AGAINST SLS DEFENDANT and CF DEFENDANTS)

29.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

30.     Cal.Fin.Code § 4970(a) provides a cause of action for any violation of the prohibited acts in Cal.Fin.Code § 4973, including the following: 1) Failing to consider the financial ability of a borrower to repay the loan; 2) Financing specified types of credit insurance into a consumer loan transaction; 3) Recommending or encouraging a consumer to default on an existing consumer loan in order to solicit or make a covered loan that refinances the consumer loan; and 4) Making a covered loan without providing the consumer specified disclosure.

31.     Pursuant to Fin.Code §4973 (f)(1), "A person who originates covered loans shall not make or arrange a covered loan unless at the time the loan is consummated, the person reasonably

6
LEONARD  v. LIL' WAVE FINANCIAL, INC. DBA SUPERIOR LOAN SERVICING, et al.- PLAINTIFF'S VERIFIED
COMPLAINT

**10**                                              **EXHIBIT 1**

25

believes the consumer, or consumers, when considered collectively in the case of multiple consumers, will be able to make the scheduled payments to repay the obligation based upon a consideration of their current and expected income, current obligations, employment status, and other financial resources, other than the consumer's equity in the dwelling that secures repayment of the loan. In the case of a covered loan that is structured to increase to a specific designated rate, stated as a number or formula, at a specific predetermined date not exceeding 37 months from the date of application, this evaluation shall be based upon the fully indexed rate of the loan calculated at the time of application."

32.    Pursuant to Fin.Code §4979.5, "(a) A person who provides brokerage services to a borrower in a covered loan transaction by soliciting lenders or otherwise negotiating a consumer loan secured by real property, is the fiduciary of the consumer, and any violation of the person's fiduciary duties shall be a violation of this section. A broker who arranges a covered loan owes this fiduciary duty to the consumer regardless of who else the broker may be acting as an agent for in the course of the loan transaction.

33.    Because SLS DEFENDANT and CF DEFENDANTS offered PLAINTIFF a loan that they knew he could not afford, and would at some point default on violated Fin.Code §4973(f)(1) and Fin.Code §4979.5, PLAINTIFF is entitled to monetary damages of $15,000 pursuant to Fin.Code §4978(a).

34.    PLAINTIFF is entitled to attorney's fees pursuant to Fin.Code §4978(a).

35.    PLAINTIFF is entitled to monetary damages of $15,000 pursuant to Fin.Code §4978(a).

### FIFTH CAUSE OF ACTION

### WRONGFUL FORECLOSURE

### (AGAINST SLS DEFENDANT and CF DEFENDANTS)

36.    PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

37.    On August 20, 2024, SLS DEFENDANT and CF DEFENDANTS wrongfully foreclosed on the Subject Property based upon violations of Civ.Code §§2923.5, 2924.9.

LEONARD v. LIL' WAVE FINANCIAL, INC. DBA SUPERIOR LOAN SERVICING, et al.- PLAINTIFF'S VERIFIED COMPLAINT
**11**                                                        **EXHIBIT 1**        26

38.     This loan was unconscionable because the loan payments exceeded their income and their income was not considered; rather DEFENDANT CF used the amount of equity in the property on this first lien on a principal residence in their determination of financial ability to pay.

39.     SLS DEFENDANT and CF DEFENDANTS caused an illegal, fraudulent, or willfully oppressive sale of the Subject Property pursuant to a power of sale in a mortgage or deed of trust.

40.     PLAINTIFF suffered prejudice or harm as a result of the wrongful foreclosure trustee sale.

41.     PLAINTIFF is excused from the tender requirement because of SLS DEFENDANT and CF DEFENDANTS's violations of Civ.Code §§2923.5, 2924.9, Fin.Code §§ 4970(a), 4973 (f)(1) and 4979.5

42.     PLAINTIFF is entitled to monetary damages for the loss of the Subject Property and his investment in it.

43.     PLAINTIFF is entitled to have the wrongful foreclosure vacated, and have the Trustee's Deed Upon Sale, Notice of Default and Notice of Trustee's Sale cancelled.

44.     PLAINTIFF is entitled to punitive damages for wrongful foreclosure. See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 345. The managing agents of SLS DEFENDANT and CF DEFENDANTS were responsible for setting their illegal and unauthorized foreclosure and related tort actions.

## SIXTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF.CODE §17200, ET SEQ.

## (AGAINST SLS DEFENDANT and CF DEFENDANTS)

45.     PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

46.     SLS DEFENDANT is engaged in the business of lending money for real property purchases and selling mortgages/deed of trust as secured loans, and or servicing those loans.

47.     CF DEFENDANTS are engaged in the business of securitized, real estate investment trust on Wall Street, New York City, New York.

48.     PLAINTIFF alleges that of SLS DEFENDANT and CF DEFENDANTS violated Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in unlawful, unfair, and fraudulent business practices as alleged above.

49.     PLAINTIFF alleges that of SLS DEFENDANT and CF DEFENDANTS violated the "unfair," "unlawful," and "fraudulent" prongs of the UCL resulting in injury and economic loss to PLAINTIFF when it/they:

    a.   Implemented a severely flawed loss mitigation review process in which borrowers, like PLAINTIFF, are persuaded to rely on of SLS DEFENDANT and CF DEFENDANTS' loan modification review process;

    b.   The process is purposefully lengthy so that loss mitigation and loan modification will not be timely provided. of SLS DEFENDANT and CF DEFENDANTS purposefully caused a lengthy delay in order to cause PLAINTIFF and borrowers like PLAINTIFF to incur continuing interest charges that would otherwise be mitigated, late fees, and ultimately foreclosure costs that would erode a borrower's equity or severely diminish any possibility for future equity;

    c.   of SLS DEFENDANT and CF DEFENDANTS purposefully impeded timely loss mitigation denial or approval while expressing that PLAINTIFF is in review prevents PLAINTIFF from seeking other external loss mitigation options including abandoning the property and/or short sale;

    d.   Ignored PLAINTIFF's communications and failed to communicate with PLAINTIFF regarding the financial distress regarding mortgage loan repayment;

    e.   Purposely violated Civ. Code §§2923.5 and 2924.10, and Fin.Code §§ 4970(a), 4973 (f)(1) and 4979.5.

50.     These acts and more are unlawful and unfair conduct has caused substantial harm to PLAINTIFF and the California citizenry at large.

51.     A borrower may bring an unfair claim per the statute by alleging that a servicer's statements or conduct was misleading.

52.    In the present case, the information provided to PLAINTIFF was certainly misleading and not consistent as to the status of the loan modification and what she was supposed to do to satisfy the lender's demands.

53.    PLAINTIFF has suffered an actual, pecuniary injury of the loss of the equity in the value of the Subject Property, and the costs of seeking a remedy for of SLS DEFENDANT and CF DEFENDANTS' wrongful actions.

54.    Under the three-factor analysis test found in *Zuniga v. Bank of America, N.A.,* 2014 WL 7156403 (C.D. Cal. Dec. 9, 2014), PLAINTIFF has stated a viable UCL claim.

55.    PLAINTIFF demand restitution, and that of SLS DEFENDANT and CF DEFENDANTS disgorge its/their illicit profits and that PLAINTIFF receive all monetary awards statutorily due to them.

## SEVENTH CAUSE OF ACTION

## CANCELLATION OF WRITTEN INSTRUMENTS, CIV. CODE § 3412

## (AGAINST SLS DEFENDANT and CF DEFENDANTS)

56.    PLAINTIFF realleges and incorporate by reference all proceeding paragraphs as though fully set forth herein.

57.    PLAINTIFF has a reasonable belief that the Notice of Default, instrument no. 2023-0161338 and Notice of Trustee's Sale, instrument no. 2023-0255645 and Trustee's Deed Upon Sale is/are voidable or void ab initio. **(Exhibits "B" and "C")**

58.    PLAINTIFF has a reasonable apprehension that if these voidable or void ab initio recorded written instruments is/are left outstanding, it/they may cause serious injury to PLAINTIFF because of their violations of Civ. Code §§2923.5, 2924.9, and Fin.Code §§ 4970(a), 4973 (f)(1) and 4979.5.

59.    PLAINTIFF seeks to cancel the hereinabove written instruments pursuant to Civ.Code §3412 due to them being voidable or void, clouds on title and wrongfully recorded.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF pray for judgment in his favor and against DEFENDANTS and each of them as follows:

1.    For compensatory, special and general damages in an amount subject to proof at trial;

2.    For civil penalties pursuant to Civ.Code § 2924.12 (b) for the greater of treble damages or $50,000.

3.    For an injunction enjoining DEFENDANTS from conducting further foreclosure activity in particular, recording a Notice of Default, Notice of Trustee's Sale and/or conducting a Trustee's Sale, or recording a Trustee's Deed Upon Sale against the Subject Property pursuant to Civ.Code § 2924.12(b);

4.    For restitution and the disgorgement of profits;

5.    For an injunction stopping the violations of the HBOR statutes;

6.    For an injunction cancelling the void or voidable written instruments;

7.    For an injunction vacating the wrongful foreclosure;

8.    For an order awarding PLAINTIFF's reasonable attorney's fees pursuant to Civ.Code § 2924.12 (h);

9.    For an injunction modifying the usurious loan pursuant to Fin.Code §4978(b).

10.    For attorney's fees pursuant to Fin.Code §4978(a). \

11.    For monetary damages of $15,000 pursuant to Fin.Code §4978(a).

12.    For punitive damages for wrongful foreclosure;

13.    For reasonable costs of suit pursuant to Code Civ.Proc. § 1032;

14.    For recompense of damages and arrears; and

15.    For any other relief as it may deem just and proper.

DATED: September 18, 2024        CDLG, PC

BY:   _____

        Tony Cara, Esq.
        Attorney for Plaintiff, Ray Leonard Jr.

**EXHIBIT 1**

30

# EXHIBIT "B"

**EXHIBIT 1**

41

01 # 2023-0141338
05/17/2023 11:24 AM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**WFG National-Default Services**
RECORDING REQUESTED BY:

    Same as below

WHEN RECORDED MAIL TO:
**Asset Default Management, Inc.**
**7525 Topanga Canyon Blvd.**
**Canoga Park, California 91303**

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: NORMA #248

2310158CAD

TS No.: 2023-01689    Loan No.: SPM-152022

SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: 476-431-008

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN
YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due
payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account,
which is normally five business days prior to the date set for the sale of your property. No sale date may be set
until approximately 90 days from the date this notice of default may be recorded (which date of recordation
appears on this notice).

This amount is **$32,438.50** as of 5/16/2023, and will increase until your account becomes current. While
your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by
your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the
property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or
mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good
standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide
reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire
amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full
payment was demanded, but you must pay all amounts in default at the time payment is made. However, you
and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted
(which may not be earlier than three months after this notice of default is recorded) to, among other things, (1)
provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a
schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation
being foreclosed upon or a separate written agreement between you and your creditor permits a longer period,
you have only the legal right to stop the sale of your property by paying the entire amount demanded by your
creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your
property is in foreclosure for any other reason, contact:

**EXHIBIT 1**

42

TS No.: 2023-01689        Loan No.: SPM-152022

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**Cast Iron Funding, LLC, Et Tal**
**C/O Asset Default Management, Inc.**
**7525 Topanga Canyon Blvd.**
**Canoga Park, California 91303**
**Phone: (818) 629-2272**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Superior Loan Servicing** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 8/9/2022, executed by **Ray Leonard Jr and Stacey Leonard Husband and Wife, as joint tenants**, as Trustor, to secure certain obligations in favor of **Cast Iron Funding LLC as to an undivided 125,000/530,000 Interest and The Lighthouse II as to an undivided 120,000/530,000 Interest and Wendy Oliver, Trustee of the Wendy A Walder Family Trust Dated July 26th, 2010 as to an undivided 120,000/530,000 Interest and Bruce Hammett and Judith Hammett, Joint Tenants as to an undivided 100,000/530,000 Interest and Paul Steven Titcombe, a Married Man as to an undivided 65,/000/530,000 interest as tenants in common**, as beneficiary, recorded 8/16/2022, as Instrument No. 2022-0359565, in Book , Page , of Official Records in the Office of the Recorder of Riverside County, California describing land therein as: As more fully described in said Deed of Trust

Including one **NOTE(S) FOR THE ORIGINAL** sum of $530,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and/or Interest plus impounds and/or advances which became due on 12/1/2022 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable. As a condition of reinstatement all property taxes and insurance must be current and proof must be provided. Plus the Note will become all due and payable as of 08/01/2023.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 5/16/2023

Superior Loan Servicing, by Asset Default Management, Inc., as Trustee

By: _____
    Julie Taberdo, Trustee Sale Officer

## Declaration of Mortgage Servicer Pursuant to
## Civil Code §2923.5(b), §2923.55(c)

Borrower(s)/ Loan Number:    **SPM-152022 Ray Leonard Jr. FC**

Mortgage Servicer:    **Superior Loan Servicing**

Property Address:    **35646 Athena Court, Winchester, CA 92596**

T. S. No.    2023 - 01689

☑ 1. The mortgage servicer has contacted the borrower in person or by telephone pursuant to California Civil Code §2923.5(a)(2), §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

☐ 2. No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

☐ 3. The requirements of California Civil Code §2923.5, §2923.55 do not apply because the borrower, loan, or property does not meet the criteria in California Civil Code §2924.15 (a)

☐ 4. The requirements of California Civil Code §2923.5, §2923.55 do not apply because the loan is not occupied by a tenant that meets the conditions described in California Civil Code §2924.15 et seq.

☐ 5. Pursuant to California Civil Code §3273.10 the mortgage servicer declares it has denied a forbearance request, during the effective time period of 10-1-2021 and 12-1-2023. A copy of written denial notice(s) is attached. A forbearance was ☐ was not ☐ subsequently provided.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

By: *Tracy Ross*                                              May 16, 2023

*Tracy Ross*            , Authorized Signor for Mortgage Servicer    Date

**19**                                              **EXHIBIT 1**    44

# EXHIBIT "C"

**EXHIBIT 1**

45

D. # 2023-0255645
06/29/2023 03:25 PM Fees: $104.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ALEJANDRA#1032

WFG National-Default Services

RECORDING REQUESTED BY
Asset Default Management, Inc.

AND WHEN RECORDED MAIL TO:
Asset Default Management, Inc.
7525 Topanga Canyon Blvd.
Canoga Park, California 91303

T.S. No.: 2023-01689        Loan No.: SPM-152022

SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: 476-431-008

# NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 8/9/2022. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **Ray Leonard Jr and Stacey Leonard Husband and Wife, as joint tenants**
Duly Appointed Trustee: **Superior Loan Servicing**
Recorded 8/16/2022 as Instrument No. 2022-0359565 in book , page   of Official Records in the office of the Recorder of **Riverside** County, California,
Date of Sale: **9/20/2023 at 9:00 AM**
Place of Sale:      **In front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882**
Amount of unpaid balance and other charges: **$591,098.81**
Street Address or other common designation of real property:      **35646 Athena Court
Winchester, Ca 92596**

A.P.N.: **476-431-008**
"As Is Where Is"

**EXHIBIT 1**

46

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 730-2727 or visit this Internet Web site www.servicelinkASAP.com, using the file number assigned to this case 2023-01689. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (714) 730-2727, or visit this internet website www.servicelinkASAP.com, using the file number assigned to this case 2023-01689 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

Date: 8/25/2023

Superior Loan Servicing, by Asset Default Management,
Inc., as Agent for Trustee
7525 Topanga Canyon Blvd.
Canoga Park, California 91303
Sale Line: (714) 730-2727

Julie Taberdo, Sr. Trustee Sale Officer

**EXHIBIT 1**

47

# EXHIBIT "D"

**EXHIBIT 1**

48

Application for Mortgage Asst

**Date: 2024-Aug-27**
**Page: 1 of 80**

# FAX

---

**FROM:**  Ajay Johny

📠 9492457444
@ jajay@nacalossmit.org

---

**FOR:**  Superior Loan Servicing
📠 18188760337

---

**Message:**

Hi,

Please see attachment

Letter of authorization for : Ray Leonard

Loan number : SPM -152022

Property address: 15646 Athena Ct, Winchester CA 92596

List of documents:

-LOA
-RMA
-4506-C
-Hardship letter
-Paystubs
-Bank statements
-Utility bill

Sent on The 27ᵀᴴ FC Sale was on The 28ᵗʰ.

24                                    **EXHIBIT 1**

-Mortgage statement
-other docs.


Respectfully,

**NonProfit Alliance of Consumer
Advocates** A Legal Clinic Center Helping Consumers
with Mortgage &
Consumer Protection Legal Rights

NONPROFIT ALLIANCE

# LETTER OF AUTHORIZATION

Power Granted By: Ray Leonard
Power Granted To: NonProfit Alliance of Consumer Advocates, and its
known associates and staff ("Clinic").

I hereby authorize, and appoint Non-Profit Alliance of Consumer Advocates,
("Clinic") including any of its staff, or other parties it may designate, as my
representing party to do the following on my behalf;

Engage in Loss Mitigation on my behalf, as may be separately authorized by me in any
fully executed agreement, communicate with all parties in any such mitigation,
communicate with any or all of my creditors, and obtain any information deemed
appropriate by ("Clinic"), regarding any mitigation subject matter, credit matter, loans
or lines of credit, or other legal or financial matter I may separately entrust to ("Clinic")
under a fully executed agreement. This may include but not be limited to the balance of
said loans, payment history, credit rating, verification of the loans and
other information necessary or appropriate to any said litigation or other legal matter
entrusted to said ("Clinic"). I hereby give permission for my lender, its
representatives, agents or staff, to release said above information to NonProfit
Alliance of Consumer Advocates.

This Letter of Authorization shall remain in force until or unless modified or rescinded
in writing.

1. Date: 8/17/2024                                2. Date: 8/17/2024

Printed name: Ray Leonard                          Printed name: _____

Signature: _____                         Signature: _____

Social Security #: 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                     Social Security #: _____

Date of Birth: 11/22/1973                          Date of Birth: _____

Loan Number: SPM-152022

Property Address: 35646 Athena CT, Winchester, CA 92596
_____

1503 South Coast Drive Suite 100 C - Costa Mesa, CA. 92626

Page

**26**                                                    **EXHIBIT 1**

Loan number: _____

## Mortgage Assistance Application

If you are having mortgage payment challenges, please complete and submit this application, along with the required documentation, to [servicer name] via mail: [address], fax: [fax #], or online: [website/email address]. We will contact you within five business days to acknowledge receipt and let you know if you need to send additional information or documents.

We will use the information you provide to help us identify the assistance you may be eligible to receive. If you need help completing this application, please contact [servicer name] at [phone #].

For a list of HUD-approved housing counseling agencies that can provide foreclosure prevention information, contact one of the following federal government agencies:

- The U.S. Department of Housing and Urban Development (HUD) at (800) 569-4287 or [link]
- The Consumer Financial Protection Bureau (CFPB) at (855) 411-2372 or [link]

If you need assistance with translation or other language assistance, HUD-approved housing counseling agencies may be able to assist you. These services are provided without charge.

### Borrower Information

Borrower's name: Roy Leonard Jr

Social Security Number (last 4 digits): 7836

E-mail address: Leonard sportsc@gmail.com

Primary phone number: 951-595-4866    ☒ Cell ☐ Home ☐ Work ☐ Other

Alternate phone number: _____    ☐ Cell ☐ Home ☐ Work ☐ Other

Co-borrower's name: _____

Social Security Number (last 4 digits): _____

E-mail address: _____

Primary phone number: _____    ☐ Cell ☐ Home ☐ Work ☐ Other

Alternate phone number: _____    ☐ Cell ☐ Home ☐ Work ☐ Other

Preferred contact method (choose all that apply): ☐ Cell phone ☐ Home phone ☐ Work phone ☐ Email ☐ Text – checking this box indicates your consent for text messaging

Is either borrower on active duty with the military (including the National Guard and Reserves), the dependent of a borrower on active duty, or the surviving spouse of a member of the military who was on active duty at the time of death? ☐ Yes ☐ No

### Property Information

Property Address: 35696 Athlone Ct Winchester, CA 92596

Mailing address (if different from property address): _____

- The property is currently: ☒ A primary residence ☐ A second home ☐ An investment property
- The property is [leased/all that apply]: ☒ Owner occupied ☐ Renter occupied ☐ Vacant
- I want to: ☒ Keep the property ☐ Sell the property ☐ Transfer ownership of the property to my servicer ☐ Undecided

Is the property listed for sale? ☐ Yes ☒ No - If yes, provide the listing agent's name and phone number—or indicate "for sale by owner" if applicable: _____

Is the property subject to condominium or homeowners' association (HOA) fees? ☐ Yes ☐ No - If yes, indicate monthly dues:
$ _____

**EXHIBIT 1**

## Hardship Information

The hardship causing mortgage payment challenges began on approximately (date) __11/22/2023__ and is believed to be:

- ☑ Short-term (up to 6 months)
- ☐ Long-term or permanent (greater than 6 months)
- ☐ Resolved as of (date) _____

| TYPE OF HARDSHIP (CHECK ALL THAT APPLY) | REQUIRED HARDSHIP DOCUMENTATION |
|---|---|
| ☐ Unemployment | • Not required |
| ☑ Reduction in income: a hardship that has caused a decrease in your income due to circumstances outside your control (e.g., elimination of overtime, reduction in regular working hours, a reduction in base pay) | • Not required |
| ☐ Increase in housing-related expenses: a hardship that has caused an increase in your housing expenses due to circumstances outside your control (e.g., uninsured losses, increased property taxes, HOA special assessment) | • Not required |
| ☐ Disaster (natural or man-made) impacting the property or borrower's place of employment | • Not required |
| ☑ Long-term or permanent disability, or serious illness of a borrower/co-borrower or dependent family member | • Written statement from the borrower, or other documentation verifying disability or illness<br>Note: Detailed medical information is not required, and information from a medical provider is not required |
| ☐ Divorce or legal separation | • Final divorce decree or final separation agreement OR<br>• Recorded quitclaim deed |
| ☐ Separation of borrowers unrelated by marriage, civil union, or similar domestic partnership under applicable law | • Recorded quitclaim deed OR<br>• Legally binding agreement evidencing that the non-occupying borrower or co-borrower has relinquished all rights to the property |
| ☐ Death of borrower or death of either the primary or secondary wage earner | • Death certificate OR<br>• Obituary or newspaper article reporting the death |
| ☐ Distant employment transfer/relocation | • For active duty service members: Permanent Change of Station (PCS) orders or letter showing transfer.<br>• For employment transfers/new employment: Copy of signed offer letter or notice from employer showing transfer to a new location or written explanation if employer documentation not applicable, AND<br>• Documentation that reflects the amount of any relocation assistance provided (not required for those with PCS orders) |
| ☐ Other – hardship that is not covered above. | • Written explanation describing the details of the hardship and any relevant documentation |

**EXHIBIT 1**

## Borrower Income

Please enter all borrower income amounts in middle column.

| MONTHLY TOTAL BORROWER INCOME TYPE & AMOUNT | | REQUIRED INCOME DOCUMENTATION |
|---|---|---|
| Gross (pre-tax) wages, salaries and overtime pay, commissions, tips, and bonuses | $ 3,000 | • Most recent pay stub and documentation of year-to-date earnings if not on pay stub **OR** <br> • Two most recent bank statements showing income deposit amounts |
| Self-employment income | $ 10,000 | • Two most recent bank statements showing self-employed income deposit amounts **OR** <br> • Most recent signed and dated quarterly or year-to-date profit/loss statement **OR** <br> • Most recent complete and signed business tax return **OR** <br> • Most recent complete and signed individual federal income tax return |
| Unemployment benefit income | $ 0 | • No documentation required |
| Taxable Social Security, pension, disability, death benefits, adoption assistance, housing allowance, and other public assistance | $ 0 | • Two most recent bank statements showing deposit amounts **OR** <br> • Award letters or other documentation showing the amount and frequency of the benefits |
| Non-taxable Social Security or disability income | $ 0 | • Two most recent bank statements showing deposit amounts **OR** <br> • Award letters or other documentation showing the amount and frequency of the benefits |
| Rental income (rents received, less expenses other than mortgage expense) | $ 0 | • Two most recent bank statements demonstrating receipt of rent **OR** <br> • Two most recent deposited rent checks |
| Investment or insurance income | $ 0 | • Two most recent investment statements **OR** <br> • Two most recent bank statements supporting receipt of the income |
| Other sources of income not listed above (Note: Only include alimony, child support, or separate maintenance income if you choose to have it considered for repaying this loan) | $ 0 | • Two most recent bank statements showing receipt of income **OR** <br> • Other documentation showing the amount and frequency of the income |

## Current Borrower Assets

Exclude retirement funds such as a 401(k) or Individual Retirement Account (IRA), and college savings accounts such as a 529 plan.

| | |
|---|---|
| Checking account(s) and cash on hand | $ 1,500 |
| Savings, money market funds, and Certificates of Deposit (CDs) | $ 125,000 |
| Stocks and bonds (non-retirement accounts) | $ 250,000 |
| Other | $ |

## Borrower Certification and Agreement

1. I certify and acknowledge that all of the information in this Mortgage Assistance Application is truthful, and the hardship I identified contributed to my need for mortgage relief. Knowingly submitting false information may violate Federal and other applicable law.

2. I agree to provide my servicer with all required documents, including any additional supporting documentation as requested, and will respond in a timely manner to all servicer or authorized third party* communications.

3. I acknowledge and agree that my servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

4. I consent to the servicer or authorized third party* obtaining a current credit report for the borrower and co-borrower.

5. I consent to the disclosure by my servicer, authorized third party,* or any investor/guarantor of my mortgage loan(s), of any personal information collected during the mortgage assistance process and of any information about any relief I receive, to any third party that deals with my first lien or subordinate lien (if applicable) mortgage loan(s), including Fannie Mae, Freddie Mac, or any investor, insurer, guarantor, or servicer of my mortgage loan(s) or any companies that provide support services to them, for purposes permitted by applicable law, including but not limited to providing mortgage assistance, verifying any data or information contained in this application, and performing audit and quality control reviews. Personal information may include, but is not limited to: (a) my name, address, telephone number, (b) my social security number, (c) my credit score, (d) my income, and (e) my payment history and information about my account balances and activity, and (f) my tax return and the information contained therein.

6. I agree that the terms of this borrower certification and agreement will apply to any modification trial period plan, repayment plan, or forbearance plan that I may be offered based on this application. If I receive an offer for a modification trial period plan or repayment plan, I agree that my first timely payment under the plan will serve as acceptance of the plan.

7. I consent to being contacted concerning this application for mortgage assistance at any telephone number, including mobile telephone number, or email address I have provided to the lender, servicer, or authorized third party.*

* An authorized third party may include, but is not limited to, a housing counseling agency, Housing Finance Agency (HFA) or other similar entity that is assisting me in obtaining a foreclosure prevention alternative.

Borrower signature: _____ Date: 8-14-2024

Co-Borrower signature: _____ Date: _____

Please submit your completed application, together with the required documentation, to [servicer name] via mail: [address], fax: [fax #], or online: [website/email address]. We will contact you within five business days to acknowledge receipt and let you know if you need to send additional information or documents.

We will use the information you provided to help us identify the assistance you may be eligible to receive.

EXHIBIT 1



EXHIBIT 1

**Money Management**
INTERNATIONAL
A Nonprofit Community Service Organization   |   Member of the National Foundation for Credit Counseling   |   Accredited by the Council on Accreditation

**Tax ID: 54-1837741**
**HUD HCS ID:**

## High Cost Loan Counseling Certificate of Completion

**Name of Borrower: Ray Leonard**

**Date of Counseling: 08/02/2022**

I, the undersigned Counselor, hereby certify that I am employed by an approved Department of Housing and Urban Development housing counseling agency and National Intermediary, Money Management International, and:

(1) The above-listed consumer(s) received counseling on the advisability of the high-cost mortgage based on the terms provided in either Loan Estimates required by section 5(c) of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2604(c)) or the disclosures required by § 1026.40; We reviewed the key terms of the mortgage transaction as set out in the Loan Estimates, including the payment amount, whether the payment amount may increase, and the creditor's fees.

(2) I have counseled the consumer(s) about his or her budget, including income, assets, financial obligations, and expenses, and the affordability of the mortgage transaction for the consumer(s).

(3) I have verified that the consumer(s) received the disclosures required by either § 1026.32(c) or the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2601 et seq.) with respect to the transaction, before I provided counseling.

**Counselor's Name:**    **Jacob Merritt**

**Counselor's Signature:**    *Jacob Merritt*

**Date:**    **08/02/2022**

## United States Bankruptcy Court
## Central District of California

**3420 Twelfth Street, Riverside, CA 92501-3819**

# ORDER AND NOTICE OF DISMISSAL
# ARISING FROM CHAPTER 13 CONFIRMATION HEARING [11 U.S.C. § 109(g)]

**DEBTOR INFORMATION:**
Ray Charles Leonard Jr.

**BANKRUPTCY NO.** 6:24-bk-12733-RB

**CHAPTER** 13

Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):  xxx-xx-7836
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 8/2/24

**Address:**
35646 Athena Ct.
Winchester, CA 92596

Pursuant to the court's findings and conclusions made at the confirmation hearing in this case,
IT IS ORDERED THAT:

(1) debtor's bankruptcy case is dismissed;

(2) the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law; and

(3) pursuant to Bankruptcy Code Section 109(g), debtor is prohibited from filing any new bankruptcy petition within 180 days of the date of entry of this order.

Dated: August 2, 2024

BY THE COURT,

**Kathleen J. Campbell**
Clerk of Court

Form van151-od13b Rev. 06/2017

**25 / CJ**

**33**

**EXHIBIT 1**

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

## CVME2402975     LEONARD vs LIL WAVE FINANCIAL, INC.

Filed Date: **09/19/2024**      **Unlimited Civil Other Real Property**
Case Status: **Active**                **Menifee - Department M301**

[ Print Case Report ]

## Case Summary

### ⌄ COMPLAINTS/PETITIONS

| Filings | Represented By | Status | Dispositions |
|---|---|---|---|
| **LEONARD vs LIL WAVE FINANCIAL, INC.**<br>Unlimited Civil Other Real Property | | Active | |
| **Complaint for Other Real Property (Over $35,000) of RAY LEONARD, JR.** | | Filed: 09/19/2024 | |
| Plaintiff: RAY LEONARD, JR. | ANTHONY P. CARA | | |
| Defendant: CAST IRON FUNDING LLC | | Served as of 10/09/2024 | |
| Defendant: LIL WAVE FINANCIAL, INC. **- Doing Business As:** SUPERIOR LOAN SERVICING | | Served as of 10/14/2024 | |

### ⌄ HEARINGS

| Date Time | Type | Judicial Officer | Location/Courtroom | Disposition |
|---|---|---|---|---|
| 04/02/2025 08:30 AM | Case Management Conference | Angel M. Bermudez | Department M301 | |

### ⌄ DOCUMENTS

[ Search                    ]

[ Document Download ]

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 09/19/2024 | Verification of Plaintiffs Complaint | RAY LEONARD, JR. | |
| Filed | 09/19/2024 | Certificate of Counsel. | RAY LEONARD, JR. | |

**1**

**EXHIBIT 2**

| Status | Date | Description | Filed By | Confidential |
|--------|------|-------------|----------|--------------|
| Filed | 09/19/2024 | Civil Case Cover Sheet | RAY LEONARD, JR. | |
| Filed | 09/19/2024 | Summons Issued and Filed | RAY LEONARD, JR. | |
| Filed | 09/19/2024 | Complaint for Other Real Property (Over $35,000) | RAY LEONARD, JR. | |
| Generated | 10/02/2024 | Notice of Case Management Conference Complaint for Other Real Property (Over $35,000) | | |
| Generated | 10/02/2024 | Notice of Department Assignment | | |
| Filed | 10/16/2024 | Proof of Service on Complaint for Other Real Property (Over $35,000) of RAY LEONARD, JR. | RAY LEONARD, JR. | |
| Filed | 10/16/2024 | Proof of Service on Complaint for Other Real Property (Over $35,000) of RAY LEONARD, JR. | RAY LEONARD, JR. | |

## ⌄ CASE LEDGER

| Date Imposed | Fee/Fine Description | Amount | Paid | Balance |
|--------------|---------------------|--------|------|---------|
| 10/23/2024 | Fee for eFiling | $1.00 | $1.00 | $0.00 |
| 10/02/2024 | Fee for eFiling | $1.00 | $1.00 | $0.00 |
| 10/02/2024 | Unlimited complaint or other first paper in unlimited civil case including UD over $35K, petition for writ of review, mandate, or prohibition; petition for a decree of change of name or gender (GC70611). Prior to 01/01/2024, the upper limit was $25K. | $450.00 | $450.00 | $0.00 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

EXHIBIT 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
633 West Fifth Street, 26th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):   Notice of Removal of Civil Action To the United States Bankruptcy Court; Declaration of Michael Chekian, Esq. In Support of Notice of Removal of Civil Action To the United States Bankruptcy Court; Notice of Motion For Order Without A Hearing and Motion To Reopen Bankruptcy Case To Hear Removed Civil Court Proceeding will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 4, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Capital One Auto Finance, Amitkumar Sharma:  amit.sharma@aisinfo.com
Attorney for Debtor Michael Smith:  mike@slclawoffice.com
Chapter 13 Trustee Rod Danielson:  notice-efile@rodan13.com
U.S. Trustee:  ustpregion16.rs.ecf@usdoj.gov
Cast Iron Funding LLC, et al, Richard Niemi:  niemoid1955@yahoo.com
Cast Iron Funding LLC, et al, Michael Chekian, Esq.:  mike@cheklaw.com
☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __11/4/2024_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Magdalena Reyes Bordeaux
U.S. Bankruptcy Court
3420 Twelfth Street
3rd Floor Courtesy Dropbox
Riverside, CA  92501-3819

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __/201_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/4/2024 | Michael Chekian | /s/ Michael Chekian |
|-----------|-----------------|---------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.